Dear Ms. Scroggins:
This office is in receipt of your request for an opinion of the Attorney General in regard to legal holidays. You indicate that the deputy court clerk, who is paid by the City of Vidalia, was advised by the Mayor's office she would be docked a day of leave for closing on November 1, 1993 inasmuch as All Saints' Day was not a city holiday. There are several other holidays stated in R.S. 1:55 that are not city holidays.
You ask if the Vidalia City Court is closed on a holiday listed in R.S. 1:55 should the personnel be docked for personal days or vacations days that have been earned or have a day without pay.
R.S. 1:55(E)(1) is relative to days of public rest and legal holidays and provides each clerk of a district court, parish court, and city court "shall close his office" on the days listed therein. Included in that list is "All Saints Day, November 1".
This office has observed that the holidays stipulated in R.S.1:55(E) "are mandatory holidays which the Clerk of Court for district courts, parish courts and city courts must observe." It was stated, "Therefore, it is the opinion of this office that the City of Opelousas cannot restrict the number of paid court holidays observed by city court employees to less than those mandated and designated by LSA-R.S. 1:55. Atty. Gen. Op. No. 87-307. Similarly, it was concluded the City Council for New Orleans could not restrict paid court holidays. Atty. Gen. Op. No. 86-731, 731A.
We find no reason to depart from these earlier conclusions, and therefore, find that personnel of the Vidalia City Court cannot be charged for closing on a day set forth in R.S. 1:55 as a holiday.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR